1  John R. Hillsman (SBN 71220)
   Abraham Feinstein Hillsman (SBN 241810)
2  McGUINN, HILLSMAN & PALEFSKY
   535 Pacific Avenue
3  San Francisco, CA   94133
   Telephone: (415) 421-9292   Facsimile: (415) 403-0202
4  Email: jrhillsman@mhpsf.com
            bfh@mhpsf.com
5

6  John T. O'Connell (Pro Hac Vice – SBN MA 376525)
   O'CONNELL and ASSOCIATES
7  65 Pearl Street
   Holliston, MA   01746
8  Telephone: (617) 996-2500  Facsimile (954) 252-3818
   Email: oconnell@jtoclaw.com
9
   Attorneys for Plaintiff ROCHELLE NICOLE RODRIGUEZ
10

11 PAMELA L. SCHULTZ (SBN 269032)
   pamela.schultz@kennedyslaw.com
   BRAD PACE (SBN 302510)
12 brad.pace@kennedyslaw.com
   KENNEDYS CMK LLP
13 101 California Street, Suite 1225
   San Francisco, CA 94111
14 Telephone:     415-323-4460
   Facsimile:     415-323-4445
15
   Attorneys for Plaintiffs in Limitation
16 SEABREEZE JETLEV LLC, SEABREEZE JET
   SKI, LLC, and H2O SPORTS, HAWAII, LLC
17

18                UNITED STATES DISTRICT COURT

19                NORTHERN DISTRICT OF CALIFORNIA

20                       OAKLAND DIVISION

| | |
|---|---|
| 21  ROCHELLE NICOLE RODRIGUEZ, individually, and as Personal Representative of 22  the Estate of JAMAL MARQUEZ JORDAN, Deceased, 23  Plaintiff, 24  vs. 25  SEABREEZE JETLEV LLC, SEABREEZE JET 26  SKI, LLC, and H2O SPORTS HAWAII, LLC, 27  Defendants. | Case No. 4:20-cv-07073-YGR (Consolidated with No. 4:21-cv-01527-YGR) **JOINT CASE MANAGEMENT STATEMENT** Date:  December 13, 2021 Time:  4:00 pm Judge: Hon. Yvonne Gonzalez Rogers Ctrm:  1, Fourth Floor Complaint Filed:  October 9, 2020 Trial Date:  June 13, 2022 |

28

The parties herewith respectfully submit the following Joint Case Management Statement in accordance with the Court's December 3, 2021 Order Denying without Prejudice Defendant's Motion for Good-Faith Settlement Determination. *ECF No. 61.*

## PLAINTIFF'S POSITION

These proceedings arise in admiralty *ECF No. 4* at ¶ 1, and spring from JAMAL JORDAN's ("DECEDENT's") October 22, 2019 death on Moanalua Bay, Oahu. *Id.* at ¶¶ 8- 11. Settlement negotiations began on September 29, 2021, when "the duly appointed personal representative of DECEDENT's Estate," Plaintiff ROCHELLE RODRIGUEZ, *id.* at ¶ 2, offered to dismiss this action and "***all claims brought or which could have been brought therein*** against Defendants" for the full, "per-occurrence, indemnity limit of Admiral Insurance Company ('Admiral') Policy No. CA000019627-06." ECF No. 57-1 at 4 (emphasis added). Defendants admit that the Admiral Policy comprises their only available coverage, see *ECF No. 52-1* at 8:6-7, but have thus far refused to accept Plaintiff's policy-limits demand unless this Court:

1. approves the settlement "as being in good faith," *id.* at 53, **and**;
2. appoints a guardian *ad litem* under Fed.R.Civ.P. 17(c) to represent DECEDENT's 17-year-old daughter, S.J., in the negotiations. *ECF No. 52-1* at 9:25-10:5.

The first condition is needless. See e.g. *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 210 (1994), *Slaven v. BP America, Inc.*, 958 F.Supp. 1472, 1478 (C.D.Cal 1997), *Hutchins v. Juneau Tanker Corp.*, (1994) 28 Cal.App.4th 493, 498-499. But it is more or less harmless, so Plaintiff has not objected to it. *ECF No. 57* at 2:5-6. The second condition, however, is a deal breaker; it implies that S.J. has a non-existent claim and threatens to delay the proceedings, saddle the case with an unwarranted intervenor, and preclude a settlement.

Rule 17(c) was promulgated "to protect a minor or incompetent person who is unrepresented in an action." That Rule does not apply to S.J. Plaintiff's counsel has advised S.J.'s mother, Tracy Maldonado, of the December 13th Status Conference and Ms. Maldonado and her daughter have agreed to appear. Plaintiff RODRIGUEZ will also be in attendance. (We have likewise given Ms. Maldonado the contact information for the Court's Pro Bono Program.) Both

Plaintiff and Ms. Maldonado will confirm that S.J. was in California and nowhere near Moanalua Bay on the day her father died. Alternatively, Plaintiff will file an administrative motion in advance of the Conference requesting leave to submit a sworn declaration establishing those points. The undisputed facts will thus show that S.J. has **no** cause of action for bystander distress. See *Stacy v. Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010) ("'those within the zone of danger of physical impact can recover for fright, and those outside of it cannot'") (quoting *Norfolk & W. Ry. Co. v. Ayers*, 538 U.S. 135, 146 (2003)). She can sue Defendants **only** for wrongful death. See e.g. *Calhoun v. Yamaha Motor Corp., U.S.A.*, 216 F.3d 338, 350 (3rd Cir. 2000). Defendants suggest that the Supreme Court's decision in *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199 (1996), gives S.J. an opportunity to bring an as yet unidentified claim against them under the state law of Hawai'i, but that decision adds nothing to the present inquiry and holds only that state remedies can be asserted in a "federal maritime ***wrongful-death action***" brought by a nonseafarer killed on territorial waters, so long as those remedies do not conflict with federal maritime law. 515 U.S. at 201 (emphasis added). It is apodictic under federal maritime law that:

> There is only a single claim arising from [a maritime decedent's] death, and it belongs to the personal representative of his estate. The beneficiaries of the estate, including the minor children, are not authorized to bring independent suits for their individual damages; rather, they must share in the single judgment, if any, obtained by the personal representative.

*Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1041 (11th Cir. 1996); see also *Ivy v. Security Barge Lines, Inc.*, 585 F.2d 732, 734 (5th Cir. 1978); *Beck v. Alaska Air Group*, 2002 U.S. Dist. LEXIS, *5 (N.D.Cal. 2002) (citing *Beiswenger*, *supra*). The personal representative, in turn, "holds any recovery in trust" for the decedent's other beneficiaries. *Calton v. Zapata Lexington*, 811 F.2d 919, 922 (5th Cir. 1987) (compiling cases). It follows perforce that the other beneficiaries have no standing to sue for wrongful-death or survival damages and must assert their rights through the personal representative. *Id.*; see also *In re Sea Star,* 2017 U.S. Dist. LEXIS 128523 (M.D.Fla. Jan. 26, 2017) *56 ("it is well settled that only the personal representative, and not the beneficiary, has standing to sue" for wrongful death under maritime law) (citing cases); "*In re Osage Marine Services*, 2016 U.S. Dist. LEXIS 5086 (E.D.Mo. Jan. 15, 2016), *7, n3 ("It

is well settled under general maritime law that only the personal representative of the estate may bring a claim"); *Neal v. Barisich, inc.,* 707 F.Supp. 862, 864 (E.D.La. 1989) ("Under both the Jones Act and the general maritime law only the personal representative of the decedent's estate has standing to initiate suit for any survival damages (which inure to the decedent's estate and ultimately to the estate's beneficiaries) and for any wrongful death damages (which inure directly to the decedent's survivors").

In a narrow exception to that rule, some circuits have held that a "beneficiary of a wrongful death claim may be permitted to intervene in a suit if he [or she] can establish that his [or her] interests are at odds with the decedent's personal representative." *Alcabassa v. Korean Airlines*, 62 F.3d 404, 408 (D.C.Cir. 1995) (DOHSA case); see also *Smith v. Clark Sherwood Oil Field Contractors*, 457 F.2d 1339, 1345 (5th Cir. 1972) cert. denied, 409 U.S. 980 (1972) (Jones Act case); *Calton*, 811 F.2d at 921-922 (Jones Act case); *Ivy*, 585 F.2d at 734 (general maritime case); *Neal*, 707 F. Supp. at 864 n. 1 (Jones Act and general maritime case).  But the Ninth Circuit has never recognized that exception.  See *Kole v. Korea Air Lines, Inc.,* 1996 U.S. App. LEXIS 19798, *3-*4 (9th Cir. 1996) (DOHSA case).  Even if it had, there is no evidence of a conflict in this case. To the contrary, as we explained earlier, "a personal representative has a fiduciary duty to bargain for the rights of *all* the decedent's beneficiaries and to turn over to them their appropriate share of any proceeds." *Alcabassa*, 62 F.3d at 408 (citations omitted).  Plaintiff RODRIGUEZ was doing exactly that when she offered to dismiss this action and "***all claims brought or which could have been brought therein*** against Defendants" for the full amount of the Defendants' insurance limits. *ECF No. 57-1* at 4 (emphasis added).  The Defendants' refusal to accept that offer unless this Court appoints a guardian *ad litem* to act on S.J.'s behalf is therefore unwarranted and unreasonable.

If the parties reach a settlement, Plaintiff must obtain court approval for S.J.'s allocation under Cal. Probate Code § 2505(a).  As we have represented to the Court from the start, S.J. will of course be represented by a guardian *ad litem* during those approval proceedings should any conflicts develop over the allocation, ***but we must reach a settlement first.***  As we have repeatedly reminded the Defendants, time is of the essence with respect to such a settlement.  Given the

amount of Defendant's available insurance, the main if not only advantage of settling the case for that sum is bringing closure before Christmas. But it has been more than two-and-one-half months since we served defense counsel with our policy-limits demand. The original deadline on that demand was October 29, 2021. *ECF 57-1* at 5. Unless the Defendants accept that demand unconditionally and withdraw their request for a guardian *ad litem* by the close of business on Tuesday, December 14, 2021, and agree to pay Plaintiff RODRIGUEZ the full amount of Admiral's indemnity limit before the close of business on Tuesday, December 28, 2021, we will ask the Court to put our Motion to Void the Release back on calendar and reschedule all the Pre-Trial Deadlines.

## DEFENDANTS AND PLAINTIFFS IN LIMITATION'S POSITION

Defendants and Plaintiffs in Limitation (hereafter "Defendants") do not agree with Plaintiff's recitation above and note that they were only provided with a draft on the morning of December 6, 2021 (the same date on which the Case Management Statement is due).[1] By not engaging in a detailed response, Defendants do not intend to concede the accuracy of the statements or waive any right to oppose, correct and/or modify the statements made by Plaintiff. Moreover, Defendants do not view this Court's Order of December 3, 2021 [Dkt. 61] asking for a Case Management Statement as a directive or opportunity to substantively brief legal issues relating to an unrepresented minor since none of the signatories to this Case Management Statement have the authority to bind an unrepresented minor. Should the Court wish for these issues to be briefed, Defendants will comply with the Court's request.

Defendants note that Plaintiff has not referenced any controlling law in an admiralty case which stands for the proposition that S.J. has no claim to assert. Moreover, the incident at issue occurred in territorial waters of Hawaii. In an admiralty case, state law may apply if no well-established federal admiralty rule exists. *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S.

---

[1] Defendants do not fault Plaintiff for the timing of the draft since the Court's Order requesting a Case Management Statement was only set one previous business day prior to the deadline for the statement. They only note that they have not had time to review the jurisprudence therein and provide a substantive response.

310 (1995). Moreover, state law may be applied if it supplements, but does not contravene uniformity of the admiralty rule. *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199 (1996). Plaintiff has not addressed Hawaii law in her position above. Nevertheless, assuming Plaintiff is correct as to her position that no claim which S.J. can assert on her own behalf exists under any law, Plaintiff's position that appointment of a guardian *ad litem* would upset the settlement simply makes no sense.[2]

As this Court knows, counsel for Plaintiff represented to this Court that he would appoint a guardian *ad litem* to conclude any settlement reached by the parties. Dkt. 40, 7:20-8:12. Defendants expect counsel to abide by his representations which will enable the parties to conclude the settlement on the terms which were agreed, and which are to remain confidential. Defendants intend to comply with the settlement when all conditions of that settlement have been fulfilled. Defendants do not believe that the details of the parties' settlement discussions are appropriate for inclusion in the public record. Should the Court wish to hold a settlement conference, Defendants will participate in the same.

Defendants' goal is to have the case fully resolved on the terms and conditions previously agreed.

Dated: December 6, 2021        /s/ *John R. Hillsman*
                               JOHN R. HILLSMAN
                               MCGUINN, HILLSMAN & PALEFSKY
                               Counsel for Plaintiff

Dated: December 6, 2021

                               /s/ *Pamela L. Schultz*
                               PAMELA L. SCHULTZ
                               KENNEDYS CMK LLP
                               Counsel for Defendants and Plaintiffs in Limitation

---

[2] Defendants have reached out to a structured settlements broker who indicates that funds could be invested for S.J.