UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ROCHELLE NICOLE RODRIGUEZ, individually, and as Personal Representative of the Estate of JAMAL MARQUEZ JORDAN, Deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>SEABREEZE JETLEV LLC, SEABREEZE JET SKI, LLC, and H2O SPORTS HAWAII, LLC,<br><br>    Defendants. | Case No. 4:20-cv-07073-YGR (LB) (Consolidated Case No. 4:21-cv-01527-YGR (LB))<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 94 |

## INTRODUCTION AND STATEMENT

The parties dispute whether the plaintiff in this wrongful-death action should be permitted to conduct depositions of the defendants under Federal Rule of Civil Procedure 30(b)(6).[1] The defendants contend that the notice of these depositions, seventeen days before the discovery cutoff, was untimely.[2]

---

[1] Disc. Ltr. – ECF No. 94 at 1.

[2] *Id.* at 3.

ORDER – No. 20-cv-07073-YGR (LB)

On March 15, 2022, the plaintiff served a deposition notice for Rule 30(b)(6) depositions of the three named defendants in this action.[3] At the time, the discovery cutoff was April 1, 2022. The deposition notice stated that the depositions would begin on March 30, 2022 and the plaintiff's counsel told defense counsel that the plaintiff would accommodate reasonable schedule changes.[4] The plaintiff's counsel intended to conduct the deposition remotely and complete the depositions in one seven-hour session. Plaintiff's counsel also states that they may not need to conduct depositions of all three Rule 30 (b)(6) witnesses because "one of the defendants may not be involved at all."[5] The defendants responded by stating that the requests were untimely and refused to produce the witnesses.[6]

The meet-and-confer process was interrupted when the plaintiff's counsel contracted Covid-19. Though the trial court extended the discovery cutoff from April 1 to April 22, 2022, the plaintiff's administrative motion seeking this extension stated that neither party was waiving defenses or arguments concerning timeliness.[7] Thus, the issue is whether the plaintiff should be barred from conducting these depositions because the fifteen days' notice was too short and too close to the then-existing discovery cutoff date.

The plaintiff does not cite a specific reason for delaying the notice of the Rule 30(b)(6) depositions but claims that the topic "was discussed" with defendants' counsel on January 31, 2022 and that the plaintiff informed the defendant that the Rule 30(b)(6) depositions would occur after the depositions of certain individuals.[8] Depositions of these individuals (jet ski operator Kai Kinoshita and dock manager Sean Neal) occurred, respectively, on February 25 and March 4, 2022.[9] The defendant claims undue burden and cites the apparent need for counsel to travel to

---

[3] *Id.* at 4 (The plaintiff provided informal notice after business hours on March 14, 2022.); Notice of Dep., Ex. A to Disc. Ltr. – ECF No. 94-1 at 10.

[4] Disc. Ltr. – ECF No. 94 at 1; Order – ECF Nos. 75 and 77.

[5] Disc. Ltr. – ECF No. 94 at 1.

[6] *Id.* at 1, 3.

[7] *Id.* at 3; Admin. Mot. – ECF No. 90 at 4, 17.

[8] Disc. Ltr. – ECF No. 94 at 1.

[9] *Id.*

ORDER – No. 20-cv-07073-YGR (LB)     2

prepare witnesses for these depositions, the need for expedited transcripts given the April 26, 2022, Daubert motion deadline, and the potential impact on expert reports.[10]

**ANALYSIS**

There is no fixed rule establishing the deadline for noticing a Rule 30(b)(6) deposition "because the reasonableness of the notice must be evaluated in light of the circumstances of each particular case." *Lam v. City & County of San Francisco*, No. C 08-04702 PJH (LB), 2011 WL 4915812, *3 (N.D. Cal. Oct. 17, 2011) (citing *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005)). This court has previously allowed a Rule 30(b)(6) deposition to proceed despite short notice where there was some excuse for the delay "given the importance of a fair illumination of the factual landscape." *Id.* at *3.

The defendants cite *Nieman v. Grange Mut. Ins. Co.*, where the court barred a Rule 30(b)(6) deposition because the plaintiff provided only seven business days' notice. No. 11-cv-3404, 2012 WL 5471949, at *3 (C.D. Ill. Nov. 9, 2012). The facts here are somewhat different, however. The notice at issue here is nearly double the notice provided in *Nieman*. And the plaintiff in *Nieman* — unlike the plaintiff in this case — apparently did not provide any informal indication that they intended to conduct a Rule 30(b)(6) deposition. *Id.* at *1 (the plaintiff "did not attempt to coordinate the date for the deposition with opposing counsel[.]").

The plaintiff's timing of the Rule 30(b)(6) depositions is not a best practice. Nonetheless, the plaintiff apparently raised the issue with defense counsel as early as January 31, 2022 and noticed the depositions soon after completing depositions of individuals on February 25 and March 4, 2022. The timing of the deposition notice was consistent with the January 31, 2022 discussion. Moreover, the depositions are to be conducted by "teleconference," which the court assumes means they will be conducted by Zoom or other similar platform. Thus, any need for long-distance travel on the part of the defendant's counsel appears to be self-imposed.

---

[10] *Id.* at 3–4.

The court appreciates the defendant's counsel's need to prepare the witnesses for deposition and the potential implications for expert reports and Daubert motions. But these burdens should be balanced with the preference for a "fair illumination of the factual landscape." *Lam*, 2011 WL 4915812, *3. Furthermore, the plaintiff's counsel discussed these depositions with the defendants' counsel on January 31, 2022 and apparently said that they would occur after the deposition of dock manager Sean Neal. The plaintiff noticed the deposition approximately ten days after the March 4, 2022 deposition of Mr. Neal. In other words, the defendants do not appear to have grounds to claim that the need to prepare for Rule 30(b)(6) depositions came as a complete surprise. These facts militate in favor of permitting the Rule 30(b)(6) depositions.

Lastly, the parties agreed that the plaintiff's counsel's Covid-19 diagnosis and the resulting extension of pre-trial deadlines would not be used to either defend or support the challenge to the timeliness of the deposition notices. To avoid discouraging such stipulations, the court does not rely upon the impact of this extension in this order.

## CONCLUSION

The court grants the plaintiff's request to compel the Rule 30(b)(6) depositions subject to the following concessions made by the plaintiff's counsel during the April 14, 2022 hearing: (1) the three Rule 30(b)(6) depositions that are the subject of this order are, in the aggregate, limited to seven hours on the record and must be completed in one day and (2) neither party may cite testimony obtained during these depositions in their expert reports. The parties should meet and confer to select a date for these depositions and to the extent this requires modification of the operative scheduling order any such request should be directed to the trial judge.

**IT IS SO ORDERED.**

Dated: April 14, 2022

LAUREL BEELER
United States Magistrate Judge